CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jamey Perry,** | Case No.: 2:20-cv-02996-GW-AGR |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| **Richard J. Gottlieb,** in individual and representative capacity as trustee of the Richard J. Gottlieb Separate Property Trust dated July 30, 2018; and Does 1-10, | Pretrial Conference: January 14, 2021 Time: 8:30 a.m. |
| | Complaint Filed: March 31, 2020 |
| Defendants. | Trial Date: January 26, 2021 |
| | Honorable Judge George H. Wu |

Pursuant to Local Rule 16-4, Plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

---

1

# I. PRELIMINARY STATEMENT

Plaintiff Jamey Perry is a California resident with physical disabilities. Ms. Perry is a paraplegic who cannot walk and uses a wheelchair for her mobility.

The Vardagen ("Store") is located at 1301 Abbot Kinney Blvd., Venice, California. Defendant Richard J. Gottlieb owned the real property located at 1301 Abbot Kinney Blvd., Venice, California, at all times relevant to this litigation. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

On February 27, 2020, Ms. Perry went to the Store. When Ms. Perry arrived at the property, she saw that the only pathway to the entrance of the Store was atop a flight of stairs. In reality, there is another pathway to the entrance, but it was closed off by a portable chain-link fence barrier. Because she could not navigate the stairway, she left the property without patronizing the Store.

On March 15, 2020, Corey Taylor, an investigator for Plaintiff's counsel, photographed the barriers Ms. Perry encountered, as well as additional barriers within the Store.

On August 18, 2020, Mr. Soyoung Ward, an architect and one of Plaintiff's experts, inspected the Store. She found that, while the alternate route to the Store entrance had been repaved by the defendant following Ms. Perry's filing of the instant suit, its slopes were still greater than allowed and it lacked handrails and directional signage.

Plaintiff's other expert, Cory Slater, a general contractor, reviewed Ms. Ward's report and recommendations and opines that the proposed remediations can be done for less than $6,000.

The Store is located less than five miles away from Ms. Perry's home, but she is currently deterred from visiting the Store because of her knowledge of the condition of the paths of travel. However, once she can safely access the Store, she intends to return.

## II. PLAINTIFF'S CLAIMS

Claim 1: Violation of the Americans with Disabilities Act of 1990 ("ADA")

**Elements**

(1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) The defendant owns, leases, or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) The defendant discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if (a) Defendant's facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) the plaintiff encountered the architectural barrier, precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

**Key Evidence**

(1) The testimony of Plaintiff Jamey Perry;

(2) The testimony of Corey Taylor;

(3) The testimony of Soyoung Ward;

(4) The testimony of Cory Slater;

(5) Photographs of the Vardagen store taken by Mr. Taylor on March 15, 2020;

(6) Photographs of the Vardagen store taken by Ms. Ward on August 18, 2020;

Anticipated Evidentiary Issues

The Parties are currently negotiating evidentiary objections. Plaintiff anticipates the Court having to rule on the admissibility of all listed exhibits.

Anticipated Issues of Law

At the Post-Mediation Status Conference, defense counsel admitted the presence of accessibility barriers but suggested they would be removed by the trial date. However, the

deadline for fact discovery was October 30, 2020, and the deadline for expert discovery was November 27, 2020. Unless the Court intends to set new discovery deadlines, allowing Plaintiff an opportunity to investigate any purported mootness, it should exclude any such evidence from Defendant at trial.

### III. BIFURCATION OF ISSUES

None.

### IV. JURY TRIAL

This is a bench trial.

### V. ATTORNEYS' FEES

Attorneys' fees are recoverable to prevailing plaintiffs under the ADA. Plaintiff anticipates filing a motion for attorneys' fees.

### VI. ABANDONMENT OF ISSUES

Plaintiff will retain all claims raised in his Complaint.

Dated: December 22, 2020          CENTER FOR DISABILITY ACCESS

By: /s/ Christopher A. Seabock
CHRISTOPHER A. SEABOCK
Attorneys for Plaintiff