Morris S. Getzels, Esq. (SBN 70947)
MORRIS S. GETZELS Law Office
6047 Tampa Avenue, Suite 307
Tarzana, CA 91356-1176
Telephone (818) 881-5550 or (310) 288-0200
Facsimile  (818) 881-5558
email: morris@getzelslaw.com

Attorney for Defendant,
RICHARD J. GOTTLIEB

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JAMEY PERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RICHARD J. GOTTLIEB, in individual and representative capacity as trustee of the Richard J. Gottlieb Separate Property Trust dated July 30, 2018; and Does 1-10,<br><br>　　　　　Defendant. | Case No: 2:20-cv-02996- GW(AGRx)<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTION S OF FACT AND LAW**<br><br>Pretrial Conference: January 14, 2021<br>Time: 8:30 a.m.<br><br>Complaint Filed: March 31, 2020<br>Trial Date: January 26, 2021 |

Pursuant to Local Rule 16-4, Defendant submits his Memorandum of Contentions of Fact and Law.

**CLAIMS AND DEFENSES**

(a) Plaintiff claims that Defendant violated the Amercians with Disabilities Act of 1990, 42 U.S.C. Section 121101 et seq,

(b) Elements Required to Prove Plaintiff's Claim:

1. Plaintiff is disabled under 42 U. S. C. Section 12102(1)(A)

2. Defendant leases a place of public accomodation

1

3. That Plaintiff encountered unlawful barriers, precluding her full and equal access to the place of public accomodation.

(c) Evidence in Opposition to the Claim

1. Photographs of the path of travel for persons in wheelchairs

2. Testimony of Richard Gottlieb

3. Testimony of Ronald Gardner

(d) 1. Affirmative Defense-Estoppel-because Plaintiff alleges that she visited the store primarily to see if a person in a wheelchair could obtain entry to the store, and not for purposes of shopping.

   2. That there is a path of travel for persons in wheelchairs that is ADA compliant.

(e)  Elements Required to Establish Defendant's Affirmative Defense of Estoppel

   That Jamie Perry visited the property not for the purposes of shopping, but instead to find grounds for a lawsuit.

      Elements Required to Establish Defendant's Defense of ADA Compliance

      That the path of travel for persons in wheelchairs is ADA Compliant.

(f) Key Evidence to Establish Affirmative Defense of Estoppel

   1.Testimony of Plaintiff, Jamey Perry, and

   2. Plaintiff's Complaint in this action

   Key Evidence to Establish ADA Compliance

   1. Photographs of the Path of Travel for persons in wheelchairs

   2. Testimony of Richard Gottlieb

   3. Testimony of Ronald Gardner

(g)  There are no third parties

(h)  Defendant anticipates and has made objections to Plaintiff's photographs as being outdated, and therefore irrelevant. Further, the testimony of the Plaintiff's witnesses, including the Plaintliff, will not set forth the current conditions at the property, making that testimony irrelevant.

(i)  The issues of law are:

1. that the case will be moot because the path of travel is ADA complaint. The Court set December 24, 2020 as the last day for the exchange of trial exhibits. The evidence will establish that the path of travel is ADA compliant. Plaintiff will be furnished with the trial exhibits in accordance with the Court's order, on December 24, 2020, which is 21 days before the Pre-Trial Conference.

2. that Plaintiff is not entitled to attorney's fees under *Buckhannon Board & Care Home, Inc. v West Virginia Dep't of Health and Human Resources* (2001) 532 U.S. 598.

3. That Defendant is entitled to attorney's fees under 42 U.S.C. Section 12205.

**BIFURCATION OF ISSUES**

Defendant requests that the Court try the issue of compliance with the ADA first.

**JURY TRIAL**

This is a bench trial.

**ATTORNEYS' FEES**

Because the case will be moot, under *Buckhannon, supra,* Plaintiff is not entitled to attorneys' fees. *Buckhannon, supra,* holds that when a case is moot, and Plaintiff is not entitled to judicial relief, then the Plaintiff does not recover attorneys' fees. Here, the case will be moot, and Plaintiff will not receive any judicial relief. Therefore, Plaintiff will not be entitled to attorneys' fees.

Because Defendant will prevail, Defendant is entitled to his attorneys' fees under 42 U.S.C. Section 12205.

//
//
//
//
//
//
//

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**ABANDONMENT OF ISSUES**

Defendant does not intend to abandon any issues.

Dated: December 23, 2020

                                       Respectfully submitted,

                                       /s/Morris S. Getzels

                                       _____

                                       Morris S. Getzels, Esq.
                                       MORRIS S. GETZELS LAW OFFICE, APC
                                       Attorneys for Defendant Richard J. Gottlieb

4

# PROOF OF SERVICE
## (BY U.S. MAIL)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6047 Tampa Avenue, Suite 307, Tarzana, California 91356-1176.

On **December 23, 2020**, I served the foregoing document described as **DEFENDANT'S MEDIATION BRIEF** on all interested parties in this action, by emailing addressed as follows:

> *Attorneys for Plaintiff*
> Center for Disability Access
> Christopher A. Seabock
> 8033 Linda Vista Road, Suite 200
> San Diego, CA 92111
> Chriss@potterhandy.com

[ ] **(BY MAIL)** I caused such envelope to be deposited in the mail at Tarzana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with my employer's practices for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Tarzana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(BY E-MAIL)** I caused the above-referenced document(s) to be transmitted by e-mail transmission a true copy thereof to the persons named in the above list at their e-mail addresses listed above.

I declare under penalty of perjury under the laws of the State of California that each of the foregoing statements is true and correct.

Executed on **December 23, 2020**, at Tarzana, California.

_____
Morris S. Getzels

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW